NO. 07-00-0311-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 7, 2001



______________________________




JORGE ANTONIO GONZALEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;



NO. 829,236; HONORABLE WILLIAM M. HATTEN, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DISMISSAL


 Pending before this Court is appellant's pro se request to dismiss his appeal. Rule
42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal may be
dismissed if appellant withdraws his notice of appeal by his signed motion accompanied
by the signature of his attorney. However, Rule 2 of the Texas Rules of Appellate
Procedure grants us the authority to suspend the operation of an existing rule and in its
place order a different procedure which addresses unforeseen circumstances. See
Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.App.--Amarillo 1998, pet. ref'd). An
accused has the ultimate authority to make certain fundamental decisions regarding his
case, including whether to prosecute an appeal. See Conners v. State, 966 S.W.2d 108
(Tex.App.--Houston [1st Dist.] 1998, pet. ref'd), citing Jones v. Barnes, 463 U.S. 745, 103
S.Ct. 3308, 77 L.Ed.2d 987 (1983). Thus, we suspend the operation of Rule 42.2(a) in this
case and dismiss the appeal based upon appellant's clear intent not to pursue his appeal. 
No decision of this Court having been delivered, we dismiss the appeal and no motion for
rehearing will be entertained and our mandate will issue forthwith.

 Accordingly, the appeal is dismissed.


 Don H. Reavis

 Justice





Do not publish. 



ration: underline">Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). If the jurisdiction of
a court of appeals is not properly invoked, the power of the appellate court to act is as
absent as if it did not exist and the appeal will be dismissed for lack of jurisdiction. See
State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000); Olivo, 918 S.W.2d at 523. 
An untimely notice of appeal is insufficient to invoke an appellate court's jurisdiction to
address the merits of the appeal and the court can take no action other than to dismiss the
appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

 As appellant's notice of appeal was untimely, this court's jurisdiction has not been
invoked. Accordingly, we dismiss this appeal for lack of jurisdiction. 


 Mackey K. Hancock

 Justice


 Do not publish.