**Opinion issued October 11, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-07-00996-CR

———————————

**TERRENCE SPIDELL DURHAM, Appellant**

**V.**

**THE STATE OF TEXAS**

---

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause No. 1445021**

---

## MEMORANDUM OPINION

Appellant Terrence Spidell Durham was convicted of misdemeanor assault and was assessed punishment of confinement for one year.

We dismiss the appeal.

Appellant's retained counsel filed a motion to dismiss the appeal, stating that appellant had been convicted in federal court in another matter and that he no longer desired to pursue this appeal. We denied the motion to dismiss because it was not signed by appellant, as required by Rule of Appellate Procedure 42.2(a). *See* TEX. R. APP. P. 42.2(a); *Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (stating that signature of counsel on motion to dismiss, without signature of appellant, is insufficient to support dismissal).

We subsequently abated the appeal and remanded the case to the trial court for a hearing to determine if appellant still wished to prosecute the appeal.

On August 30, 2012, a supplemental record was filed containing findings and recommendations from the trial court as follows:

> Given the long history of this case, and in the interest of furthering the orderly administration of justice, the trial court conducted a brief hearing to determine the status of counsel's efforts to resolve this appeal.
>
> The trial court makes the following findings of fact:
>
> 1. Appellant is currently incarcerated in the federal penitentiary in Leavenworth, Kansas.
>
> 2. Appellant is not indigent.
>
> 3. Appellant is represented by retained counsel, Mr. Andre Ligon.
>
> 4. Since the last abatement hearing, appellate counsel has spoken with [appellant] by phone on at least three occasions.
>
> 5. According to Mr. Ligon, on each occasion, appellant has

2

stated he wishes to dismiss the appeal, and agrees to sign documents to that effect.

6.	After each conversation, Mr. Ligon sends the documents and a stamped self-addressed envelope to Appellant. In each instance, Appellant fails to return the forms.

7.	The most recent series of above-described events occurred in April of this year with the same result.

The trial court concludes that appellant has abandoned his appeal. The trial court recommends that the Court of Appeals dismiss the appeal.

Appellant has not filed a written motion to dismiss the appeal. *See* TEX. R. APP. P. 42.2(a). However, based on the trial court's finding that appellant does not want to continue his appeal, we conclude that good cause exists to suspend the operation of Rule 42 in this case. *See* TEX. R. APP. P. 2, 42. We have not yet issued a decision.

Accordingly, we dismiss the appeal. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

3