

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00198-CR
No. 07-13-00199-CR

_____

CHRISTOPHER CRAIG SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court Nos. A19023-1112 & A19024-1112; Honorable Robert W. Kinkaid, Jr., Presiding

August 22, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

The scant documents before this Court reflect that in February 2012, Appellant, Christopher Craig Sanders, pleaded guilty to, and was convicted of, unauthorized use of a vehicle and evading arrest or detention with a vehicle.[1]  Sentence was imposed at eighteen months in a state jail facility and a $2,500 fine.  The sentence, but not the fine,

_____
[1]TEX. PENAL CODE ANN. §§ 31.07 and 38.04 (West 2011 and Supp. 2012).

was suspended in favor of four years community supervision. In June 2012, the trial court held a hearing on the State's motion to revoke after which community supervision was continued with amended conditions. In March 2013, Appellant was again brought before the trial court on a motion to revoke. After the hearing, the trial court continued Appellant on community supervision with a one year extension on the original four years.

Less than three months later, another hearing was held on a subsequent motion to revoke. Appellant entered a plea of true to the State's allegations and was admonished of the consequences of his plea. Following presentation of testimony, the trial court revoked Appellant's community supervision and assessed the original sentence.

On June 17, 2013, Appellant filed a *pro se* notice of appeal challenging the trial court's orders revoking his community supervision. On August 5, 2013, the trial court clerk filed a request for an extension of time in which to prepare and file the clerk's record.[2] Attached to her request were Findings of Fact entered by the trial court on June 21, 2013. According to those findings, the trial court had Appellant brought into court to execute an affidavit of financial status to appoint counsel to prosecute an appeal. The trial court entered a finding that Appellant did not want to prosecute an appeal in these cases. The finding is supported by the limited documents before us. The trial court also found that Appellant's decision was made freely, voluntarily, knowingly, and intelligently. For the reasons expressed herein, we dismiss these appeals for want of prosecution.

---

[2]An extension was granted.

Voluntary dismissals in a criminal case are governed by Rule 42.2(a) of the Texas Rules of Appellate Procedure which requires an appellant and his counsel to sign a motion to dismiss. The purpose of the Rule is to protect an appellant from having his appeal dismissed by counsel without consent and to insure that counsel had notice of the dismissal to advise the client on the consequences of a dismissal. *Conners v. State*, 966 S.W.2d 108, 110 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd).

The decision of whether to take an appeal from a criminal conviction is personal to the accused. *See id.* at 110 (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). The documents before us reflect Appellant's intent to forego appealing the revocation of his community supervision. He chose not to have counsel appointed to prosecute these appeals and no motion to dismiss is pending. In the interest of judicial economy, we apply Rule 2 of the Texas Rules of Appellate Procedure to suspend the requirements of Rule 42.2(a) and dismiss these appeals for want of prosecution based on the trial court's Findings of Fact.

Accordingly, these appeals are dismissed.

Patrick A. Pirtle
Justice

Do not publish.

3