**Opinion issued December 31, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00863-CR

_____

**JUAN NOE MELGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 19-DCR-087751**

## MEMORANDUM OPINION

On October 18, 2024, appellant Juan Noe Melgar was convicted by a jury of Sexual Assault of a Child and sentenced to 20 years' confinement in the Texas Department of Criminal Justice (TDCJ) – Institutional Division. Appellant filed a pro se notice of appeal on November 5, 2024.

On May 30, 2025, appellant's retained counsel filed a motion to withdraw from the appeal, asserting that he determined that there is no nonfrivolous argument to be made for overturning appellant's conviction or sentence. Because counsel was retained, an *Anders* brief was not filed concurrently with the motion to withdraw. *See Nguyen v. State*, 11 S.W.3d 376, 370 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Appellant did not file a response to counsel's motion, and the motion was granted on July 10, 2025.

On July 24, 2025, the Clerk of this Court sent a notice informing appellant that the time to file his brief had passed and that if this Court did not receive his brief or a motion for extension of time within ten days of that notice, it would abate the appeal and direct the trial court to conduct a hearing on the record to determine whether appellant desires to prosecute his appeal, whether appellant is indigent, and to make appropriate findings and recommendations. *See* TEX. R. APP. P. 38.8(b)(2). The notice was returned, and our Court was informed that appellant had been released from jail and did not provide a forwarding address. Neither a brief nor any responsive document has been filed by or on behalf of appellant.

On October 21, 2025, our Court issued an order abating the appeal for the trial court to hold a hearing to determine, among other things, whether appellant still wishes to pursue the appeal or whether appellant has abandoned the appeal. The trial court held the abatement hearing on November 12, 2025, which appellant attended

by video conference. On November 14, 2025, the trial court issued findings of fact and conclusions of law. The trial court found, among other things, that appellant "did not desire to proceed with the appeal." The trial court issued conclusions and recommendations that (1) "Defendant wishes to abandon the direct appeal" and (2) "[t]he Court of Appeals should dismiss Defendant's appeal based on Defendant's expressed desire to abandon his appeal."

The voluntary dismissal of a criminal appeal is governed by Texas Rule of Appellate Procedure 42.2, which requires a motion to dismiss, signed by an appellant and his attorney, to be filed with the appellate court. TEX. R. APP. P. 42.2(a). However, on our own initiative, if we find good cause exists, we may suspend the requirements of Rule 42.2 in a particular case to order a different procedure. *See* TEX. R. APP. P. 2 (providing appellate courts may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure).

Although no written motion has been filed in compliance with Rule 42.2(a), based on the record presented to this Court, and the finding of the trial court from the abatement hearing, we conclude that good cause exists to suspend the operation of Rule 42.2 in this appeal. TEX. R. APP. P. 2, 42; *see Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (using Rule 2 to suspend operation of Rule 42.2 to dismiss appeal); *see also Hawthorne v. State*, No.

01-24-00887-CR, 2025 WL 1225115, at *1 (Tex. App.—Houston [1st Dist.] Apr. 29, 2025, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2(a) and dismissing appeal based on appellant's statement at abatement hearing that he did not wish to pursue appeal and trial court's findings of fact that appellant expressed desire not to proceed with his appeal); *Boiser v. State*, No. 01-19-00911-CR, 2021 WL 3669627, at *2 (Tex. App.—Houston [1st Dist.] Aug. 19, 2021, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2(a) and dismissing appeal based on record and trial court finding abandonment of appeal); *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2 and construing abatement record as appellant's motion to dismiss appeal). We have not issued a decision in the appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, based on the record before us, we reinstate and dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).