**Lisa Linda CONNERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00609–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 19, 1998.

■

John B. Holmes, Alan Curry, Houston, for Appellee.

Before MIRABAL, WILSON and TAFT, JJ.

## OPINION

WILSON, Justice.

The focus of this opinion is whether appellate counsel may exercise veto power over his client's expressed desire to dismiss her appeal.

In this case, notice of appeal was timely filed and appellate counsel was appointed on the same date. Appellant soon notified counsel that she wanted to withdraw her appeal. Counsel scheduled the matter for a hearing in the trial court. At the hearing, appellant testified she wanted to withdraw her appeal because she had been advised by persons other than her attorney that she could not be released on parole as long as her case was on appeal. Appellant acknowledged her attorney had advised her about the consequences of withdrawing her appeal. She also stated that, after discussing the matter with her attorney, she still wished to withdraw her appeal.[1]

Briefs were filed by appellant and the State on the issue of whether this Court could dismiss the appeal. Counsel for appellant conceded that we could do so under established case law. The State concluded that we could dismiss with a motion complying with former rule 59(b) of the Rules of Appellate Procedure only. *See now* TEX. R.APP.P. 42.2(a).[2] Both versions of the rule require the signature of appellant and his or her counsel on the written motion to withdraw appeal.

On February 26, 1997, we abated the appeal for 30 days and ordered that appellant file a motion to dismiss in compliance with

Winston E. Cochran, Jr., Houston, for Appellant.

---

1. Nothing in the Code of Criminal Procedure or the Rules of Appellate Procedure requires that an accused be admonished before making the decision not to pursue an appeal. *See Hypolite v. State*, 647 S.W.2d 294, 295–96 (Tex.Crim.App. 1983) (Teague, J., concurring and dissenting).

2. Rule 42.2(a) states:

> At any time before the appellate court's decision, the appellate court may dismiss the appeal if the appellant withdraws his or her notice of appeal. *The appellant and his or her attorney must sign the written withdrawal* and file it in duplicate with the appellate clerk, who must immediately send the duplicate copy to the trial court clerk.
>
> TEX.R.APP.P. 42.2(a) (emphasis added).

rule 59(b) if she so desired. Neither appellant, nor her appointed counsel on her behalf, has filed a motion in compliance with the rule.

On March 28, 1997, the thirtieth day after our order issued, counsel for appellant filed a petition for discretionary review, inviting the Court of Criminal Appeals to consider (1) whether an appellant's request for dismissal, against the advice of counsel, should be accepted when there is some evidence of State action calculated to interfere with the right of appeal, and (2) whether a court of appeals can require that a request for dismissal be presented in the form prescribed by rule 59(b) if that rule requires the signature of counsel opposed to the dismissal. The Court of Criminal Appeals took no action on the petition because our order was interlocutory.

In the petition, appellant's counsel made it clear that he would not sign a motion conforming to the Rules of Appellate Procedure for voluntary dismissal of appeal in this case.

We are faced with unequivocal testimony from appellant at the hearing that she desired to dismiss her appeal, and with her counsel's refusal to submit a rule-conforming motion to accomplish this.

■ The decision of whether to take an appeal from a criminal conviction is personal to the accused. In *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the United States Supreme Court stated:

> It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, *or take an appeal.*

463 U.S. at 751, 103 S.Ct. at 3312 (emphasis added).

This is consistent with Texas case law. A personal affidavit of the accused was sufficient to dismiss the appeal in *Ard. v. State*, 237 S.W. 256, 256 (Tex.Crim.App.1922); *Brown v. State*, 300 S.W.2d 101, 101 (Tex.

Crim.App.1957); *Hale v. State*, 330 S.W.2d 199, 200 (Tex.Crim.App.1959).

On the other hand, the signature of an accused's counsel on a motion to dismiss appeal, *without the accused's signature*, was insufficient to grant dismissal. *See, e.g., Mc-Donald v. State*, 118 Tex.Crim. 10, 37 S.W.2d 1018, 1018 (1931); *Newell v. State*, 131 Tex.Crim. 603, 101 S.W.2d 254, 255 (1937); *Gilliam v. State*, 146 Tex.Crim. 620, 177 S.W.2d 782, 783 (1944); *Kuykendall v. State*, 154 Tex.Crim. 384, 227 S.W.2d 825, 825 (1950); *Page v. State*, 532 S.W.2d 341, 342 (Tex.Crim.App.1976).[3]

In *Alvarez v. State*, 376 S.W.2d 354 (Tex.Crim.App.1964), the accused's request to dismiss his appeal was granted over the objection of his attorney of record. The accused submitted an affidavit in the trial court stating, "M. N. Garcia no longer is my attorney; no attorney now represents me," and that he desired to withdraw his appeal. *Id.* at 354. Mr. Garcia, still counsel of record, objected to the motion to dismiss. Garcia's objections were overruled, and the appeal was dismissed by the Court of Criminal Appeals.

■ It appears that the purpose of the requirement in rule 42.2(a) that a motion to withdraw appeal be signed by both appellant and counsel may have been to protect appellants from having their appeals dismissed by counsel without their consent and to insure that counsel had notice of the dismissal in order to allow him to counsel his client concerning the decision. In the present case, both purposes have been met. In addition, we know of nothing, other than the wording of the rule itself, that would prevent us from dismissing an appeal where that is the expressly stated desire of an appellant.

We may suspend a rule's operation in a particular case to expedite a decision or for other good cause. Rule 2 of the Rules of Appellate Procedure reads:

> On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and

---

**3.** More comprehensive lists of cases dismissing on personal affidavit of the accused and cases refusing to dismiss on motions signed by the accused's counsel only may be found in Judge

Onion's dissenting opinion in *Hypolite v. State*, 647 S.W.2d 294, 297–98 (Tex.Crim.App.1983), the case which abolished the requirement that the motion to dismiss be notarized.

order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case.

TEX.R.APP.P. 2. Accordingly, we suspend the requirements of rule 42.2(a) in this case. Despite counsel's refusal to prepare and sign a rule-conforming motion, we dismiss the appeal at appellant's request, as per her testimony at the July 1, 1996, hearing.