NO. 07-01-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 22, 2001

_____

JEB PEMBERTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 42,467-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jeb Pemberton was convicted of the offense of evading arrest with a vehicle and sentenced to confinement for two years in a state jail facility and a fine of $5,000. He gave a pro se notice of appeal from that conviction on June 8, 2001. Appellant then retained counsel, who filed with the trial court a motion to dismiss appellant's pro se notice of appeal and a motion for new trial. The motion to dismiss the appeal was granted

by the trial court, and the motion for new trial was filed and subsequently overruled by operation of law.

We previously abated this appeal back to the trial court because the motion to dismiss was erroneously filed in that court and the withdrawal did not include the signature of appellant as required by Rule of Appellate Procedure 42.2 for a voluntary dismissal in a criminal case. Furthermore, although we had requested by letter that counsel for appellant file a motion to dismiss with the clerk of this court, no such motion was filed. We therefore requested the trial court to determine whether appellant wished to continue to prosecute his appeal.

We have since received findings of fact and conclusions of law from the trial court and a transcript of the proceeding held in that court. The record shows that, since the date that appellant filed his motion to dismiss his pro se notice of appeal, he was indicted on another charge arising out of the same incident, and the State agreed to dismiss that charge in exchange for appellant dismissing the appeal that is currently before this court. Appellant affirmed on the record that he wished to accept the State's offer, and it was his intent to withdraw his notice of appeal.

We have the authority, pursuant to Rule 2 of the Rules of Appellate Procedure, to suspend the operation of Rule 42.2(a) for this appeal only, and find that appellant has voluntarily dismissed his appeal by virtue of his testimony during the hearing and despite his lack of compliance with that rule. *See Conners v. State*, 966 S.W.2d 108, 110-11

2

(Tex.App.--Houston [1st Dist.] 1998, pet. ref'd).  Therefore, because the record shows appellant no longer wishes to pursue his appeal, it is hereby dismissed.


John T. Boyd
Chief Justice

Do not publish.