NO. 07-00-0311-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 7, 2001

_____

JORGE ANTONIO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;

NO. 829,236; HONORABLE WILLIAM M. HATTEN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**DISMISSAL**

Pending before this Court is appellant's *pro se* request to dismiss his appeal. Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal may be dismissed if appellant withdraws his notice of appeal by his signed motion accompanied by the signature of his attorney. However, Rule 2 of the Texas Rules of Appellate

Procedure grants us the authority to suspend the operation of an existing rule and in its place order a different procedure which addresses unforeseen circumstances. *See* Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.App.--Amarillo 1998, pet. ref'd). An accused has the ultimate authority to make certain fundamental decisions regarding his case, including whether to prosecute an appeal. *See* Conners v. State, 966 S.W.2d 108 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd), citing Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Thus, we suspend the operation of Rule 42.2(a) in this case and dismiss the appeal based upon appellant's clear intent not to pursue his appeal. No decision of this Court having been delivered, we dismiss the appeal and no motion for rehearing will be entertained and our mandate will issue forthwith.

Accordingly, the appeal is dismissed.

Don H. Reavis
Justice

Do not publish.