NO. 07-02-0187-CR


NO. 07-02-0188-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 25, 2002



______________________________




DAVID RUSSELL HALE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NOS. 44,828-A, 33,491-A; HONORABLE DAVID L. GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant David Russell Hale attempted to file notices of appeal pro se in the
referenced matters. Because there was confusion surrounding which orders he was
appealing and no clerk's or reporter's records had been received, we abated and
remanded the appeals to the trial court for a determination as to whether appellant had
abandoned his appeals. We have now received a transcript of the hearing held by the trial
court in which appellant stated on the record that he no longer wished to pursue those
appeals. We have also received findings of fact and conclusions of law signed by the trial
court in which it has been found that appellant has abandoned his appeals. 

 An appeal may be voluntarily dismissed in a criminal case if the party withdraws his
notice of appeal by filing a written withdrawal personally signed by him with this court. Tex.
R. App. P. 42.2(a). However, we have the authority, pursuant to Rule 2 of the Rules of
Appellate Procedure, to suspend the operation of Rule 42.2(a) for this appeal only, and find
that appellant has voluntarily dismissed his appeals by virtue of his testimony during the
hearing, despite his lack of compliance with that rule. See Conners v. State, 966 S.W.2d
108, 110-11 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). Therefore, because the record
shows appellant no longer wishes to pursue his appeals, they are hereby dismissed. 

 Having dismissed these appeals as requested by appellant, no motions for
rehearing will be entertained and our mandates will issue forthwith. 


 John T. Boyd

 Chief Justice


Do not publish.



"heading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0350-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
11, 2011

 



 

BRAD HALDERMAN,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 154TH DISTRICT COURT OF LAMB
COUNTY;

 

NO. 4685; HONORABLE FELIX KLEIN,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and  CAMPBELL and PIRTLE, JJ.

            Brad
Halderman was convicted of tampering with evidence and sentenced to twenty
years confinement and a fine of $10,000. 
He seeks reversal by contending the evidence is legally and factually insufficient
to sustain the conviction.[1]  We affirm the judgment.

            

Background

            Appellant was unemployed and about to
be evicted from his apartment.  He ran
into an acquaintance, Ron Bures, who informed him that they could live with
Mickey Burchfield, a friend of Bures. The men spent the week at Burchfields
house in the country.  During that time,
they mostly drank alcohol and drove around in Bures car.[2]  On July 31, 2009, after the three men had
spent most of the morning and early afternoon drinking, appellant went to the
living room to take a nap.  He was
awakened by Burchfield, who told appellant to come to the kitchen to see what
he had done.  When appellant entered the
kitchen, he observed Bures with his throat cut. 
Bures attempted to stand, and Burchfield cut Bures throat again.  When Bures ran out of the house, Burchfield
followed Bures and struck him with barbells and a grubbing hoe until he was
dead.  Burchfield then left for about an
hour and went to a neighbors house.  He
told her that he had killed someone and needed help to hide the body.  After he left the neighbors house, she eventually
placed a call to law enforcement.

            When Burchfield
returned to his house, he and appellant cleaned the kitchen.  They then attempted to place Bures body into
the trunk of the car, but when it would not fit, Burchfield tied Bures feet to
an air hose and the air hose to the back of the car.  The two men then drove the car approximately
four miles, dragging the body behind, and left it in a ditch.  Law enforcement officers arrived shortly
after they returned to Burchfields house. 
  

            

Sufficiency of the
Evidence

            After the State presented its case,
appellant moved for an instructed verdict which he now contends should have
been granted.  A challenge to the failure
to grant a directed verdict is a challenge to the legal sufficiency of the
evidence.  Canales v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).    

We review the sufficiency of the evidence
under the standard discussed in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  And, in making that review, we are not limited
to the evidence presented before the motion for instructed verdict was
made.  Montgomery v. State, 198 S.W.3d 67, 85 (Tex. App.Fort Worth 2006, pet.
refd); Smith v. State, 109 S.W.3d
80, 81 (Tex. App.Texarkana 2003, no pet.).  Burchfield was charged with intentionally or
knowingly concealing the corpse of Bures with the intent to impair its verity, legibility,
or availability as evidence.  See
Tex. Penal Code Ann. §37.09(d) (Vernon Supp. 2010).  Burchfield contends that there is insufficient
evidence of his intent.  At trial, he testified
that he only assisted in the disposal of the body because he was afraid of
Burchfield.  An instruction on duress was
included in the jury charge.

            A persons
intent may be inferred from acts, words, and conduct.  Shamam
v. State, 280 S.W.3d 271, 278 (Tex. App.Amarillo 2007, no pet.); see also Laster v. State, 275 S.W.3d
512, 524 (Tex. Crim. App. 2009) (stating that ones acts are generally reliable
circumstantial evidence of ones intent). 
The following evidence appears in the record:  1) appellant did nothing to asssist Bures
while Burchfield was beating Bures to death, 2) appellant was larger than
Burchfield and carried a pocket knife, 3) appellant did nothing to seek help or
escape during the hour that Burchfield was gone from the house, 4) Bures cell
phone was on the floor of the kitchen but appellant did not attempt to use it,
5) Burchfield did not directly threaten appellant, 6) appellant told one
officer that he had blood on him because he cut his hand and another officer that
he had a nose bleed, 7) appellant explained blood on the ground by saying he
and Burchfield got into a fight, 8) appellant kicked the window out of the
police vehicle after he was placed in it and was combative to officers at the
station, 9) Burchfield stuffed playing cards in Bures mouth after he died, and
appellant removed them claiming at trial that he did not care if he was killed
for doing so, 10) appellant asked Burchfield if Burchfield was going to kill
appellant and Burchfield replied that he was not, 11) Bures face was mush
after being drug by the car, 12) the body became unfastened from the car at one
point and Burchfield had to get out of the car and retie it, 13) Burchfield
asked appellant if he wanted to stab or hit Bures but appellant did not, 14) appellant
testified he made a decision not to use his pocket knife to defend himself, 15)
appellant told an officer he believed he might be arrested as an accessory, 16)
Burchfield told appellant that they were taking Bures to where they dump
dogs, 17) appellant stated he helped Burchfield put the body in a ditch after
Burchfield told him to get out of the car, 18) appellant admitted at trial that
he probably could have placed a call on a phone, and 19) when asked about both
he and Burchfield cleaning up the kitchen and dragging the body to the ravine,
appellant said that  [w]ere a good
team and that they acted [v]ery efficiently, yeah.  This was some evidence from which the jury
could have inferred beyond a reasonable doubt that appellant intentionally
helped Burchfield conceal the body.  Although
the jury could have chosen to believe that appellant acted in fear of his life,
it obviously did not, and that decision was within its province. See Brooks v. State, 323 S.W.3d 893, 902
(Tex. Crim. App. 2010) (stating that the jury is the exclusive judge of the
credibility of witnesses and the weight to be given their testimony).   

            Accordingly,
we overrule appellants issue and affirm the judgment. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do not publish.

            








 











[1]We
are no longer to conduct factual sufficiency reviews.  See Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  Thus, our task will be limited to assessing
only the legal sufficiency of the evidence.





[2]Burchfield
worked as a day laborer one day, and appellant sold plasma to make money on the
same day.