NO. 07-02-0187-CR
NO. 07-02-0188-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 25, 2002

_____


DAVID RUSSELL HALE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 44,828-A, 33,491-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant David Russell Hale attempted to file notices of appeal pro se in the referenced matters. Because there was confusion surrounding which orders he was appealing and no clerk's or reporter's records had been received, we abated and remanded the appeals to the trial court for a determination as to whether appellant had abandoned his appeals. We have now received a transcript of the hearing held by the trial

court in which appellant stated on the record that he no longer wished to pursue those appeals. We have also received findings of fact and conclusions of law signed by the trial court in which it has been found that appellant has abandoned his appeals.

An appeal may be voluntarily dismissed in a criminal case if the party withdraws his notice of appeal by filing a written withdrawal personally signed by him with this court. Tex. R. App. P. 42.2(a). However, we have the authority, pursuant to Rule 2 of the Rules of Appellate Procedure, to suspend the operation of Rule 42.2(a) for this appeal only, and find that appellant has voluntarily dismissed his appeals by virtue of his testimony during the hearing, despite his lack of compliance with that rule. *See Conners v. State*, 966 S.W.2d 108, 110-11 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). Therefore, because the record shows appellant no longer wishes to pursue his appeals, they are hereby dismissed.

Having dismissed these appeals as requested by appellant, no motions for rehearing will be entertained and our mandates will issue forthwith.


John T. Boyd
Chief Justice

Do not publish.