Opinion issued November 10, 2011.

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00755-CR

———————————

ANTONIO
LUVIANO, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 351st District Court 

Harris County, Texas



Trial Court Cause No. 1179187

 



MEMORANDUM OPINION

Appellant, Antonio Luviano, pleaded
guilty to the offense of possession of marijuana.  The trial court found appellant guilty and
sentenced appellant to 12 years’ confinement. Appellant filed a pro se notice
of appeal.  We dismiss the appeal.


On April 25, 2011, this case was abated to allow the
trial court to amend the certification of defendant’s right of appeal, and make
findings on whether appellant desires to pursue this appeal, and, if so,
determine indigence and appoint counsel. 
The appellant appeared without counsel, and stated for the record that
he did not wish to appeal the case. 
Although appellant has not signed a written motion to dismiss the
appeal, we rely on the hearing record to support compliance with Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 42.2(a).

Rule of Appellate Procedure 42.2 states that
appellant and his attorney “must sign” a motion to dismiss.  Tex. R. App. P. 42.2(a).   Appellant is pro se, and did not sign a
motion to dismiss.  The record reflects,
however, that appellant stated at the hearing that he did not desire to pursue this
appeal, and the trial court found that appellant “has freely and voluntarily
decided not to appeal his case.”  We may
suspend a rule’s operation in a particular case to expedite a decision or for
other good cause.  See Tex. R.
App. P. 2; Conners v. State, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.]
1998, pet. ref’d).  We conclude that appellant’s statements provide
good cause for suspending the requirement that appellant sign a motion to
dismiss. See Tex. R. App. P. 2; Conners, 966 S.W.2d at 110–11.  

Accordingly, we dismiss the appeal.  See Tex. R. App. P. 43.2(f).  We dismiss any pending motions as moot.

We direct the Clerk to issue the mandate within 10
days of the date of this opinion.  See Tex.
R. App. P. 18.1.

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).