NO. 07-12-0118-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 JUNE 21, 2012
 ______________________________

 WANDA HOPE ALLEN, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 64[TH] DISTRICT COURT OF SWISHER COUNTY;

 NO. A3960-0506; HONORABLE ROBERT W. KINKAID, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
Pending before this Court is a Motion to Dismiss Appeal filed by Wanda Hope Allen's counsel in which he represents that Appellant wishes to withdraw her notice of appeal and dismiss the appeal. The motion is signed by counsel but not by Appellant. However, attached to the motion is a letter from Appellant to counsel notifying him of her desire to no longer pursue this appeal. We dismiss this appeal.
Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal may be dismissed if an appellant withdraws his or her notice of appeal by signed motion accompanied by the signature of the appellant's attorney. The purpose of the requirement that a motion to dismiss be signed by both the appellant and counsel may be to protect an appellant from having his or her appeal dismissed by counsel without consent and to insure that counsel had notice of the dismissal to advise the client on the consequences of a dismissal. Conners v. State, 966 S.W.2d 108, 110 (Tex.App.--Houston [1st Dist.] 1998, pet. ref'd). 
The decision of whether to take an appeal from a criminal conviction is personal to the accused. See id. at 110 (citing Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Thus, we apply Rule 2 of the Texas Rules of Appellate Procedure to suspend the requirement in Rule 42.2(a) that Appellants signature appear on the motion to dismiss and accept her letter to counsel expressing her intent as sufficient to satisfy the spirit of the rule. No decision of this Court having been delivered, we dismiss the appeal. No motion for rehearing will be entertained and our mandate will issue forthwith.
Patrick A. Pirtle
 Justice

Do not publish.