**Opinion issued March 15, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00752-CR

———————————

**DAVID ANTHONY WAGNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 119th District Court**
**Tom Green County, Texas**
**Trial Court Cause No. B-16-0323-SA**

---

## MEMORANDUM OPINION

Appellant, David Anthony Wagner, timely filed a notice of appeal from the

trial court's judgment adjudicating guilt, signed on August 17, 2017.[1]  *See* TEX. R.

---

[1]     The Texas Supreme Court transferred this appeal from the Third Court of Appeals
        to this Court pursuant  to its docket equalization powers. *See* TEX. GOV'T CODE
        ANN. § 73.001  (West 2013).

APP. P. 26.2(a)(1). The trial court had revoked appellant's community supervision, adjudicated him guilty of the third-degree felony offense of possession of a controlled substance, namely, methamphetamine, assessed his punishment at seven years' confinement, and ordered him to pay a $2,500.00 fine and $180.00 in restitution. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010); TEX. PENAL CODE ANN. § 12.34 (West 2011). The trial court certified that this was not a plea-bargain case and that appellant had a right of appeal, and appointed new counsel for appellant. *See* TEX. R. APP. P. 25.2(a)(2).

Because appellant's counsel had failed to timely file a brief, this Court's February 8, 2018 Order of Abatement had abated this case for a late-brief hearing. *See* TEX. R. APP. P. 38.8(b)(2). On March 5, 2018, the trial court held an abatement hearing with the pro se appellant, via teleconference, and counsel for the State in person. Because appellant's appointed counsel was unable to complete the brief for personal reasons, the trial court told appellant that it was prepared to appoint new counsel, but first asked appellant whether he still wanted to appeal his conviction. Appellant informed the court that he no longer wanted to continue his appeal because he had recently been granted parole. After the trial court admonished appellant that receiving parole would not change his conviction and that if he decided not to continue his appeal, the Court of Appeals would dismiss his appeal, appellant confirmed that he understood, and the State had no objection. On March 5, 2018,

2

the court reporter filed a supplemental reporter's record of this abatement hearing. On March 6, 2018, the district clerk filed a supplemental clerk's record with the trial court's findings of fact and conclusions of law, concluding that appellant does not want to appeal his conviction.

Appellant has not filed in this Court a motion to dismiss his appeal. *See* TEX. R. APP. P. 42.2(a). However, given appellant's unopposed and unequivocal statement that he wanted to dismiss his appeal on the record of the abatement hearing, we conclude that good cause exists to suspend the operation of rule 42 and to construe this as appellant's motion to dismiss. *See id.* 2, 42.2(a); *Conners v. State,* 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (suspending rule 42 and dismissing appeal based on appellant's unequivocal testimony at abatement hearing desiring dismissal of appeal). We have not yet issued a decision in this appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, we reinstate this appeal and grant appellant's motion to dismiss the appeal. *See* TEX. R. APP. P. 42.2(a), 43.2(f).

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).

3