

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-17-00359-CR

---

DAVID MIDDLEMAN                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. F16-2710-431

----------

## MEMORANDUM OPINION[1]

----------

After receiving Appellant's Counsel's "Motion to Withdraw as Counsel for Appellant," we abated this appeal and remanded this case to the trial court for a hearing to determine whether Appellant wished to continue this appeal. Two days before the hearing, Appellant's counsel filed with this court a motion to dismiss Appellant's appeal, but the motion did not comply with rule 42.2(a)

---

[1]*See* Tex. R. App. P. 47.4.

because it included limitations beside Appellant's signature.[2]  *See* Tex. R. App. P. 42.2(a).  Two days later at the abatement hearing, the trial court noted that it had received Appellant's handwritten motion to withdraw his appeal.[3]  The trial court confirmed that Appellant no longer wishes to pursue this appeal.

Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal may be dismissed if an appellant files a motion to dismiss the appeal signed by both the appellant and his attorney.  *See id.*  The purpose of that requirement is to protect an appellant from having his appeal dismissed by counsel without his consent and to ensure that counsel had notice of the motion in order to advise the client on the consequences of a dismissal.  *Conners v. State*, 966 S.W.2d 108, 110 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see Jones v. State*, No. 07-15-00371-CR, 2016 WL 902960, at *1 (Tex. App.—Amarillo Mar. 7, 2016, no pet.) (mem. op., not designated for publication).  Moreover, the decision of whether to take an appeal from a criminal conviction is personal to the accused.  *See Conners*, 966 S.W.2d at 110 (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983)).

Based on the record before us, and no decision of this court having been delivered, we dismiss this appeal at Appellant's request and dismiss counsel's

---

[2]After Appellant's signature, the following appears:  "without recourse all rights reserved."

[3]Appellant's handwritten motion to withdraw his appeal appears in the supplemental clerk's record that was filed in this court after the abatement hearing.

motion to withdraw as moot. *See* Tex. R. App. P. 43.2(f); *Jones*, 2016 WL 902960, at *1; *see also Terry v. State*, No. 03-14-00555-CR, 2016 WL 4506154, at *1 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op., not designated for publication) (dismissing appeal at appellant's request and dismissing counsel's motion to withdraw as moot).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 21, 2018