**Opinion issued December 11, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-17-00819-CR**

**NO. 01-17-00820-CR**

———————————

**CHARLES HAROLD JOHNSON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 17-CR-0442 and 17-CR–0496**

---

**MEMORANDUM OPINION**

A jury convicted appellant, Charles Harold Johnson, Jr., of the felony offense

of unauthorized use of a motor vehicle[1] in trial court case number 17-CR-0442, and

---

[1]     *See* TEX. PENAL CODE ANN. § 31.07 (West 2016).

the felony offense of evading arrest or detention with a motor vehicle[2] in trial court case number 17-CR-0496. After finding true the allegation in an enhancement paragraph in each case, the jury assessed his punishment at confinement for five years for the offense of unauthorized use of a motor vehicle and seventeen and one-half years for the offense of evading arrest or detention, with the sentences to run concurrently. Appellant timely filed a pro se notice of appeal in each proceeding.

The Clerk of this Court docketed the appeal of the unauthorized use of a motor vehicle conviction in No. 01-17-00819-CR, and the appeal of the evading arrest conviction in No. 01-17-00820-CR. Because appointed appellate counsel failed to file a brief or a motion to extend the time to file a brief in No. 01-17-00819-CR, this Court abated that appeal and remanded the case to the trial court for a hearing to determine, among other things, whether appellant wished to prosecute his appeal. On May 16, 2018, the trial court held an abatement hearing at which appellant,[3] his appointed appellate counsel, and the State were present.

As to his failure to file a brief, appellant's counsel stated his understanding, after meeting with appellant, that he "wanted to appeal the case where he got 17 and a half years, the evading case." When questioned by the trial court, appellant indicated that he "wanted to appeal" both trial court cases. However, in response to

---

[2]     *See id.* § 38.04 (West 2016).

[3]     Appellant attended the hearing by video teleconference.

2

questions from his counsel, appellant indicated that he did not "wish to continue." Counsel then explained to appellant that he had two cases—"an unauthorized use" for which he "got five years from the jury" and "an evading with a motor vehicle" for "17 and a half," and stated his understanding that appellant "wanted to pursue both of them." When counsel asked, "Is that what you want to do today," appellant answered "No." Appellant did not wish "to appeal in either case" and wished "to sit out [his] time on—on both cases." After the hearing, the trial court signed findings and conclusions in trial court case number 17-CR-0442:

1. Appellant does not wish to prosecute his appeal.

2. The Trial Court recommends that Appellant's case be dismissed.

Based on the trial court's findings and conclusions, and appellant's statements at the abatement hearing, appellant's counsel has filed a motion to dismiss each appeal. Appellant has not signed either motion. *See* TEX. R. APP. P. 42.2(a). Nevertheless, in light of appellant's statements on the record at the abatement hearing, we conclude that good cause exists to suspend the operation of rule 42.2 in these appeals. *See* TEX. R. APP. P. 2, 42.2; *Conners v. State,* 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see, e.g.*, *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of rule 42 and construing abatement record as appellant's motion to dismiss appeal);

*Luviano v. State*, No. 01-09-00755-CR, 2011 WL 5428964, at *1 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op., not designated for publication) (concluding appellant's statements at abatement hearing provided good cause to suspend rule 42 requirement that appellant sign motion to dismiss and dismissing appeal). We have not yet issued decisions in the appeals. *See* TEX. R. APP. P. 42.2(b).

Accordingly, we grant the motions to dismiss and dismiss the appeals. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).