

**NUMBER 13-18-00469-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSE CARDENAS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Jose Cardenas filed a notice of appeal regarding his judgment of conviction for third degree felony assault under section 22.01(b)(2)(B) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West, Westlaw through 2017 1st C.S.). We dismiss his appeal.

By order previously issued on November 7, 2018, we abated and remanded this appeal to the trial court because the reporter's record had not been filed.  *See* TEX. R. APP. P. 37.3(a)(2).  We requested the judge of the trial court to conduct a hearing to determine:   (1) whether appellant desires to prosecute this appeal; (2) whether appellant is indigent; (3) whether appellant is entitled to a free appellate record and appointed counsel due to his indigency; and (4) what steps are necessary to ensure the prompt preparation of a complete reporter's record.  We requested the trial court to enter any orders required to avoid further delay and to preserve the parties' rights.  We requested that the trial court's findings and recommendations, together with any orders it might enter, be included in a supplemental clerk's record to be filed with this Court.

On December 18, 2018, we received the supplemental clerk's record containing the requested information.  On December 17, 2018, the trial court signed an order entitled "Finding and Order on Remand."  According to this order, the trial court held a hearing on November 30, 2018 at which appellant and his trial attorney were present. The trial court's finding of fact states that appellant "does not desire to prosecute this appeal" and "personally express[ed] his desire to accept his sentence at this time."

To effectuate a voluntary dismissal of a criminal appeal, the appellate rules require that the appellant and his attorney sign and file a written motion to dismiss the appeal. *See id.* R. 42.2(a).  In this case, appellant has not filed a written motion to dismiss the appeal.  However, based upon the trial court's findings that appellant does not want to continue his appeal, we conclude that good cause exists to suspend the operation of Rule 42.2(a).  *See id.* R. 2 (allowing an appellate court to suspend a rule's operation in a

particular case and order a different procedure); *Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (applying Rule 2 to suspend the requirement for a signed motion to dismiss in a criminal case); *see also Badillo v. State*, No. 13-18-00057-CR, 2018 WL 1870421, at *1 (Tex. App.—Corpus Christi Apr. 19, 2018, no pet.) (mem. op.) (same).

Based on the foregoing, we reinstate this appeal. We suspend the requirements of Rule 42.2(a) in this case and we dismiss the appeal.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of January, 2019.