**Opinion issued December 22, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00784-CR

_____

**MELISSA PERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court Law No. 9**
**Tarrant County, Texas[1]**
**Trial Court Case No. 1577602 (Counts V, VI, VIII, and IX)**

---

## MEMORANDUM OPINION

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas to this Court pursuant to its docket-equalization powers. *See* Misc. Docket No. 19–9091 (Tex. Oct. 1, 2019); *see also* TEX. GOV'T CODE ANN. § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time, in the opinion of the supreme court, there is good cause for the transfer.").

A jury found appellant, Melissa Perry, guilty of four separate counts of the misdemeanor offense of obstructing a highway or other passageway,[2] and the trial court assessed her punishment at confinement for seventy-five days for each "count" to run concurrently, and a fine of $200 for "count" V. The trial court then suspended appellant's sentence of seventy-five-days confinement and placed her on community supervision for a period of twelve months. Appellant filed a notice of appeal.

Appellant's brief was due to be filed with this Court on September 10, 2020. *See* TEX. R. APP. P. 38.6(a). Appellant failed to timely file her brief. On September 15, 2020, the Clerk of this Court notified appellant's retained counsel, Bethel T. Zehaie, that a brief was not filed and requested a response no later than September 25, 2020. No response was received and no brief was filed.

Pursuant to Texas Rule of Appellate Procedure 38.8, on October 20, 2020, we abated this appeal and remanded the case to the trial court to hold a hearing to determine, among other things, whether appellant wished to prosecute her appeal. On November 3, 2020, the trial court held a hearing at which appellant, her retained appellate counsel, and counsel for the State were present.[3] On November 4, 2020, a

---

[2]    *See* TEX. PENAL CODE ANN. § 42.03.

[3]    All parties attended the hearing by video teleconference in accordance with the Texas Supreme Court's Emergency Order Regarding the COVID-19 State of Disaster.

2

supplemental reporter's record, including a stenographic transcript of the hearing, was filed with this Court.

During the hearing, the trial court noted that the case was remanded to make a determination regarding whether appellant "wishe[d] to continue her appeal," and if so, to determine if her retained counsel intended to withdraw from the appeal. The trial court directed questioning at appellant, asking whether she "wish[ed] to continue [her] appeal of the conviction in th[e] case," to which appellant responded "no." The trial court then admonished appellant regarding her decision to abandon her appeal, including advising appellant regarding the applicable appellate timelines. The trial court further confirmed that appellant's decision was the "free and voluntary determination" of appellant, and that "[n]o one [was] forcing [appellant] to abandon [her] appeal." In response, appellant confirmed on the record to the trial court that the decision to abandon her appeal was made "without any mental reservation."

Texas Rule of Appellate Procedure 42.2 states that an appellant and her attorney "must sign" a motion to dismiss a criminal appeal. TEX. R. APP. P. 42.2(a). Accordingly, on November 17, 2020, the Clerk of this Court issued a notice to appellant requesting that, within fifteen days of the notice; i.e., on or before December 2, 2020, appellant file either a motion to dismiss the appeal in compliance with the Texas Rules of Appellate Procedure, or a response demonstrating that,

despite her representations to the trial court, she wished to continue prosecution of her appeal. More than two weeks have passed since the deadline stated in our notice, no response has been received, and no motion to dismiss has been filed.

Based on appellant's clear statements on the record at the trial court's hearing, we conclude that good cause exists to suspend the operation of Texas Rule of Appellate Procedure 42 in this appeal. TEX. R. APP. P. 2, 42; *Conners v. State,* 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see, e.g.,* *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of rule 42 and construing abatement record as appellant's motion to dismiss appeal); *Luviano v. State*, No. 01-09-00755-CR, 2011 WL 5428964, at *1 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op., not designated for publication) (concluding appellant's statements provided good cause to suspend rule 42 requirement that appellant sign motion to dismiss and dismissing appeal). We have not yet issued a decision in the appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, based on the record before us, we reinstate the appeal, and grant the oral motion to dismiss the appeal made by appellant to the trial court at the November 3, 2020 hearing, and dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Adams.

Do not publish. TEX. R. APP. P. 47.2(b).