**Opinion issued August 19, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00911-CR

———————————

**TROY LEE BOISER, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 18-CCR-200843**

## MEMORANDUM OPINION

A jury found appellant, Troy Lee Boiser, Jr., guilty of the misdemeanor offense of driving while intoxicated.[1] The trial court, pursuant to Boiser's post-verdict agreement with the State, assessed Boiser's punishment at confinement for

---

[1] *See* TEX. PENAL CODE ANN. § 49.04.

one hundred and eighty days and a fine of $700. The trial court then suspended Boiser's sentence and placed Boiser on community supervision for a period of twelve months. Boiser filed a notice of appeal.

Boiser's brief was initially due to be filed with this Court on or before December 7, 2020. *See* TEX. R. APP. P. 38.6(a). On motion by Boiser, the deadline for filing his brief was extended to March 8, 2021. In our order extending Boiser's deadline to file his brief to March 8, 2021, we advised Boiser that no further extensions would be considered, and that failure to file a brief by the extended deadline would result in the appeal being abated for the trial court to hold a hearing to make certain findings regarding the appeal. *See* TEX. R. APP. P. 38.8(b)(2), (3).

Boiser failed to timely file his brief. On March 10, 2021, Boiser filed a second motion for extension of time to file his brief. In the motion, Boiser's counsel stated that she had "attempted to contact [Boiser] on numerous occasions unsuccessfully," and as such, had "been unable to discuss the appeal" with Boiser, or even determine whether Boiser wished to "continue with the appeal" or "abandon the appeal."

On March 16, 2021, we issued an order denying Boiser's second motion for extension of the time to file his brief and abated the appeal for the trial court to hold a hearing to determine, among other things, whether Boiser wished to prosecute his appeal. The trial court held the abatement hearing on March 31, 2021, and a

supplemental reporter's record containing a transcript of the hearing was filed with this Court on July 20, 2021.

Boiser failed to appear for the March 31, 2021 abatement hearing. However, Boiser's counsel and the State were present.[2] During the abatement hearing, the trial court noted that the case was remanded to make a determination regarding whether Boiser "wishe[d] to prosecute this appeal." Boiser's counsel represented that, despite her extensive efforts to contact Boiser, he had failed to communicate with counsel, leading her to conclude Boiser no longer wished to prosecute the appeal.

The trial court then directed questioning at Boiser's counsel to determine the specific efforts counsel made to "communicate with [Boiser] to find out if he wants to pursue this appeal." Counsel detailed her numerous and extensive efforts to contact Boiser, including several attempts to contact Boiser via telephone, and her inability to leave a voice mail because the voice mail box was full. Counsel further represented that she contacted Boiser's appointed trial counsel to ensure she had the correct telephone number for Boiser, which was confirmed by trial counsel. Counsel then stated that she contacted Boiser's community supervision officer, who stated that Boiser's "probation was abated for some reason," so the community supervision officer had not spoken with Boiser. However, the community supervision officer

---

[2]     All parties attended the hearing by video teleconference in accordance with the applicable Texas Supreme Court's Emergency Order Regarding the Covid-19 State of Disaster.

did provide counsel with an e-mail address for Boiser. Counsel then attempted to contact Boiser via e-mail but received no response.

Counsel also stated that she made several attempts to reach Boiser via letter, including sending correspondence certified mail, return receipt requested. However, Boiser "did not respond to any letter, any phone call, any e-mail." Counsel further stated that she performed public record searches to potentially identify previously unknown contact information for Boiser. From these efforts, counsel identified an individual who was potentially Boiser's father, and attempted to contact that individual in an effort to reach Boiser but again received no response. Counsel also attempted to contact Boiser's sister, brother, girlfriend, and friend. Counsel was either unable to reach or received no response from any of these individuals.

Based on counsel's testimony, the trial court inquired whether it was counsel's opinion that Boiser "d[id] not wish to prosecute this appeal," to which counsel responded "[y]es." The trial court then made a "finding that [Boiser] ha[d] abandoned [the] appeal and . . . d[id] not wish to prosecute this appeal which caused the failure to file the brief."

The voluntary dismissal of a criminal appeal is governed by the Texas Rule of Appellate Procedure 42.2, which requires a motion to dismiss, signed by an appellant and his attorney, be filed with the appellate court. TEX. R. APP. P. 42.2(a). Although no written motion has been filed in compliance with rule 42.2(a), based on

the record presented to this Court, and the finding of the trial court from the abatement hearing, we now conclude that good cause exists to suspend the operation of rule 42.2 in this appeal. TEX. R. APP. P. 2, 42; *Conners v. State,* 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see, e.g.*, *Jackson v. State*, No. 13-17-00252-CR, 2019 WL 1716796, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 18, 2019, no pet.) (mem. op., not designated for publication) (suspension of rule 42.2 proper where trial court concluded appellant abandoned by failure to appear for abatement hearing); *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of rule 42.2 and construing abatement record as appellant's motion to dismiss appeal). We have not issued a decision in the appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, based on the record before us, we reinstate and dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).