**Opinion issued March 16, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00379-CR

———————————

**JAVIER MORENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 73664-A**

---

## MEMORANDUM OPINION

After appellant, Javier Moreno, pleaded guilty to the felony offense of indecency with a child,[1] the trial court deferred adjudication of appellant's guilt and placed him on community supervision for ten years.  The State, alleging numerous

---

[1]  *See* TEX. PENAL CODE ANN. § 21.11.

violations of the conditions of appellant's community supervision, subsequently moved to adjudicate his guilt. After a hearing, the trial court found numerous allegations true, found appellant guilty, and assessed his punishment at confinement for twenty years. The trial court's Judgment was entered on May 17, 2022. Appellant timely filed a notice of appeal.

Appellant's brief was due to be filed with this Court on July 20, 2022. *See* TEX. R. APP. P. 38.6(a). Appellant failed to timely file his brief. On August 22, 2022, the Clerk of this Court notified appellant's court-appointed appellate counsel, Michael C. Diaz, that the time for filing a brief had passed and, unless the Court received a motion for extension of time, with appellant's brief, or a motion for extension of time by September 1, 2022, the Court would be required to abate the appeal and remand for the trial court to hold a hearing pursuant to Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 10.5(b), 38.8(b)(2). No response was received, and no brief was filed.

Accordingly, on February 14, 2023, the Court abated this appeal and remanded the case to the trial court to hold a hearing to determine, among other things, whether appellant wished to prosecute his appeal. *See* TEX. R. APP. P. 38.8(b)(3). On March 6, 2023, the trial court held an abatement hearing at which appellant, his court-appointed appellate counsel, and the State were present. Also

on March 6, 2023, a supplemental reporter's record, including a stenographic transcript of the abatement hearing, was filed with this Court.

During the abatement hearing, the trial court noted that the case was remanded to "conduct a hearing about [appellant's] desire to appeal or not appeal." After swearing in appellant, the trial court directed questioning to appellant, asking appellant if it was "correct" that he "no longer wish[ed] or desire[d] to prosecute the appeal in" the underlying trial court case. Appellant responded "[y]es" to the trial court's question, confirming that he no longer wished to prosecute this appeal.

Texas Rule of Appellate Procedure 42.2 states that an appellant and his attorney "must sign" a motion to dismiss a criminal appeal. TEX. R. APP. P. 42.2(a). Appellant has not filed a motion to dismiss. However, based on appellant's statements on the record at the abatement hearing, we conclude that good cause exists to suspend the operation of rule 42 and to construe the abatement record as appellant's motion to dismiss his appeal. TEX. R. APP. P. 2, 42; *Conners v. State,* 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see, e.g.,* *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of rule 42 and construing abatement record as appellant's motion to dismiss appeal); *Luviano v. State*, No. 01-09-00755-CR, 2011 WL 5428964, at \*1 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op.,

not designated for publication) (concluding appellant's statements provided good cause to suspend rule 42 requirement that appellant sign motion to dismiss and dismissing appeal). We have not yet issued a decision in the appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, we reinstate the appeal, grant appellant's motion, and dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).