**Opinion issued March 16, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00424-CR

———————————

### BRADLEY ROBERT EDDINGTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 18-CR-2578**

---

## MEMORANDUM OPINION

After appellant, Bradley Robert Eddington, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of assault,[1] the trial court deferred adjudication of appellant's guilt and placed him on community

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2)(A).

supervision for three years. The State, alleging numerous violations of the conditions of appellant's community supervision, subsequently moved to adjudicate his guilt. After a hearing, the trial court found numerous allegations true, found appellant guilty, and assessed his punishment at confinement for five years. The trial court's Judgment was entered on June 29, 2021. Appellant timely filed a notice of appeal.

Appellant's brief was due to be filed with this Court on September 26, 2022. *See* TEX. R. APP. P. 38.6(a). Appellant failed to timely file his brief. On October 19, 2022, the Clerk of this Court notified appellant's retained counsel, Joseph F. Vinas, that the time for filing a brief had passed and, unless the Court received a motion for extension of time, with appellant's brief, or a motion for extension of time by October 31, 2022, the Court would be required to abate the appeal and remand for the trial court to hold a hearing pursuant to Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 10.5(b), 38.8(b)(2). No response was received, and no brief was filed.

Accordingly, on January 10, 2023, the Court abated this appeal and remanded the case to the trial court to hold a hearing to determine, among other things, whether appellant wished to prosecute his appeal. *See* TEX. R. APP. P. 38.8(b)(2). On January 27, 2023, the trial court held an abatement hearing at which appellant, his retained appellate counsel, and the State were present. On March 3, 2023, a supplemental

reporter's record, including a stenographic transcript of the abatement hearing, was filed with this Court.

During the abatement hearing, the trial court noted that the case was remanded and the "first thing [the trial court] need[ed] to find out [was] whether [appellant] wishe[d] to continue with his appeal." In response to the trial court's inquiry regarding whether appellant wished to continue his appeal, appellant stated, on the record, "Oh, no. No, not at all. No." Appellant further stated that it was his "understanding" that his counsel had "canceled" the appeal, but that he kept "getting things in the mail." However, appellant reiterated that "no – there's nothing else that needs to be done with it."

Texas Rule of Appellate Procedure 42.2 states that an appellant and his attorney "must sign" a motion to dismiss a criminal appeal. TEX. R. APP. P. 42.2(a). Appellant has not filed a motion to dismiss. However, based on appellant's statements on the record at the abatement hearing, we conclude that good cause exists to suspend the operation of rule 42 and to construe the abatement record as appellant's motion to dismiss his appeal. TEX. R. APP. P. 2, 42; *Conners v. State,* 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see, e.g., Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.— Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of rule 42 and construing abatement record as appellant's

motion to dismiss appeal); *Luviano v. State*, No. 01-09-00755-CR, 2011 WL 5428964, at *1 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op., not designated for publication) (concluding appellant's statements provided good cause to suspend rule 42 requirement that appellant sign motion to dismiss and dismissing appeal).  We have not yet issued a decision in the appeal.  *See* TEX. R. APP. P. 42.2(b).

Accordingly, we reinstate the appeal, grant appellant's motion, and dismiss the appeal.  *See* TEX. R. APP. P. 43.2(f).  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish.  TEX. R. APP. P. 47.2(b).