**Opinion issued April 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00254-CR

————————————

**TERRANCE DONTEE FREEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 18134**

---

### MEMORANDUM OPINION

Appellant Terrance Dontee Freeman filed a notice of appeal from his conviction for possession of a controlled substance, in which he was sentenced to three years in prison that the trial court probated for three years.

Appellant's brief was due to be filed with this Court on August 2, 2024. *See* TEX. R. APP. P. 38.6(a). Appellant failed to timely file his brief. On August 14, 2024, we issued a notice that appellant's brief had not been filed and we requested a brief or a response. No response was received and no brief was filed. Thus, on August 29, 2024, this Court abated the appeal and remanded the case for the trial court to hold a hearing to determine whether appellant wished to pursue his appeal or if appointed counsel had abandoned the appeal. *See* TEX. R. APP. P. 38.8.

On September 13, 2024, the trial court filed findings of fact and conclusions of law, stating that appellant indicated his intent to prosecute the appeal and that appellant's counsel would file a brief by September 20, 2024.

On December 12, 2024, we issued a second abatement order because the brief had not been filed. We directed the trial court to determine if appellant still wished to prosecute the appeal and whether good cause exists to relieve appellant's appointed attorney of his duties as appellant's counsel.

On January 21, 2025, we received a hearing record in which appellant's counsel informed the trial court that appellant had been released on parole, did not want to prosecute the appeal, and although he had sent multiple motions to dismiss for appellant to sign, he had not received a motion to dismiss with appellant's signature. Based on that information, the trial court stated that it would find that

appellant "no longer wishes to pursue his appeal," "that he is now paroled out of TDC and is no longer in custody."

Appellant has not filed in this Court a motion to dismiss the appeal. *See* TEX. R. APP. P. 42.2(a). However, based on appellant's counsel's representation at the January 13, 2025 abatement hearing that appellant no longer wants to appeal and the trial court's finding that appellant does not want to continue his appeal, we reinstate the appeal and conclude that good cause exists to suspend the operation of Rule 42.2(a). *See Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of rule 42 and construing abatement record as appellant's motion to dismiss appeal).[1] We have not yet issued a decision in this appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 42.2(a), 43.2(f). Any pending motions are dismissed as moot.

---

[1] *Ex parte Salazar*, Nos. 13-16-00452-CR & 13-16-00453-CR, 2017 WL 2200318, at *1 (Tex. App.—Corpus Christi-Edinburgh Mar. 16, 2017, no pet.) (mem. op., not designated for publication) (suspending rule 42 and dismissing appeal based on trial court finding appellant no longer wished to pursue appeal); *see also Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (suspending rule 42 and dismissing appeal based on appellant's unequivocal testimony at abatement hearing desiring dismissal of appeal).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).