

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00227-CR

Dontre La Ron **NESTLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR7780W
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
               H. Todd McCray, Justice
               Velia J. Meza, Justice

Delivered and Filed: May 28, 2025

APPEAL DISMISSED

Dontre La Ron Nestle filed a pro se notice of appeal from the trial court's judgment revoking his community supervision.[1] After Nestle failed to file his brief or a motion for extension of time, we abated this appeal and remanded the case to the trial court to conduct a hearing to

---

[1] On January 15, 2019, Nestle pled nolo contendere to robbery and was sentenced to ten years in prison. The trial court suspended Nestle's sentence and placed him on community supervision for five years. On November 12, 2019, the State filed a motion to revoke community supervision, which it later amended. On July 16, 2024, the trial court revoked Nestle's community supervision and sentenced him to ten years in prison.

determine if Nestle still wanted to pursue this appeal. The reporter's record from the hearing and the trial court's written findings have been filed in this court. We reinstate this appeal on this court's docket.

The reporter's record shows that Nestle appeared in person at the hearing with his court-appointed counsel. Nestle told the trial court that he does not want to proceed with this appeal. Nestle added that he made this decision after consulting with his counsel. Nestle's counsel stated that given Nestle's desire not to proceed with this appeal, he would file an appropriate motion in the court of appeals. In its written findings, the trial court found that Nestle does not wish to pursue this appeal and that he wishes to withdraw this appeal.

Although counsel has filed a motion to withdraw as attorney of record, he has not filed a motion to dismiss this appeal. Rule 42.2(a) of Texas Rule of Appellate Procedure provides that at any time before the appellate court's decision, the appellate court may dismiss a criminal appeal if the appellant and his attorney sign and file a motion to dismiss. *See* TEX. R. APP. P. 42.2(a). Rule 42.2(a) does not allow voluntary dismissal of a criminal appeal in the absence of such a motion. *See id*. Nevertheless, when an appellate court concludes good cause exists, it may suspend the requirements of Rule 42.2(a). *See id*. R. 2 (providing appellate courts may, to expedite a decision or for other good cause, suspend a rule's operation in a particular case and order a different procedure). In this case, we conclude good causes exists to suspend Rule 42.2(a)'s requirement that Nestle and his counsel sign and file a motion to dismiss to effectuate the voluntary dismissal of this appeal. *See id*. R. 42.2(a), R. 2.

Based on Nestle's representations to the trial court and the trial court's written findings, this appeal is dismissed. *See Conners v. State*, 966 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (dismissing appeal at appellant's request, as per her testimony at trial court's

hearing, despite the absence of a Rule 42.2(a) motion). Counsel's motion to withdraw as attorney of record is granted.

PER CURIAM

DO NOT PUBLISH