**Motion Granted, Appeal Dismissed and Memorandum Opinion filed May 30, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00500-CR

**JAVANTE  CHAUNCEY HASTE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1478749**

## MEMORANDUM  OPINION

Appellant was convicted on his plea of guilty to aggravated robbery. His appointed counsel filed a brief in which he concludes the appeal is frivolous and without merit. *Anders v. California*, 386 U.S. 738 (1967). We have not handed down an opinion in this case.

On April 26, 2019, appellant filed a pro se, handwritten motion. The motion states in relevant part:

I am currently on appeal but my lawyer filed for a Anders brief. So I am requesting that my appeal be closed and my sentence be made final so I can proceed with my writ of habeas corpus. Thank you very much.

We have construed appellant's motion as one for voluntary dismissal. *See* Tex. R. App. P. 42.2.

A motion for voluntary dismissal is required to be signed by both the appellant and his attorney. Tex. R. App. P. 42.2(a). "[T]he purpose of the requirement in rule 42.2(a) that a motion to withdraw appeal be signed by both appellant and counsel may have been to protect appellants from having their appeals dismissed by counsel without their consent and to insure that counsel had notice of the dismissal in order to allow him to counsel his client concerning the decision." *Conners v. State*, 966 S.W.2d 108, 110 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

Appellant's motion bears what purports to be his signature but does not bear the signature of his lawyer. For that reason, on April 30, 2019, we notified appellant's counsel of our intent to dismiss this appeal on appellant's motion unless counsel demonstrated, within 10 days, meritorious grounds for retaining the appeal. No response has been filed.

Accordingly, on our own motion and for good cause, we suspend the operation of rule 42.2(a)'s requirement that appellant's counsel sign the motion to dismiss. *See* Tex. R. App. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure . . . .").

We GRANT appellant's motion and DISMISS the appeal.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).