

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00223-CR

April Mae **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR8068
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: August 6,2025

DISMISSED

In 2021, the appellant, April Mae Gonzalez, pled nolo contendere to tampering with a government record and was sentenced to ten years in prison. The trial court suspended her sentence and placed appellant on community supervision for ten years in accordance with the terms of her plea-bargain agreement. In 2023, the State filed a motion to revoke community supervision, which it later amended. In 2025, the trial court revoked Gonzalez's community supervision and sentenced her to six years in prison. The trial court signed a certification of defendant's right to appeal, noting

that this "is a plea-bargain case, and the defendant has NO right of appeal." It further states Gonzalez "waived the right of appeal." Gonzalez timely filed a notice of appeal.

Rule 25.2 of the Texas Rules of Appellate Procedure requires the trial court to enter a certification of the defendant's right of appeal in cases in which it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). This court must dismiss an appeal if a certification that shows the defendant has the right to appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

In this case, regardless of whether the State and Gonzalez came to an agreement regarding her 2021 plea, Gonzalez's plea of true during the 2025 revocation proceeding was not part of a plea bargain agreement. Therefore, this is not a plea-bargain case and Rule 25.2(a)(2) does not apply. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *see also Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) (noting "in the context of revocation proceedings, the legislature has not authorized binding plea agreements."). Further, nothing in the clerk's record demonstrates that appellant waived the right to appeal the judgment revoking her community supervision.

Because the trial court's certification of appeal appeared to be inaccurate, we ordered the trial court clerk to file a supplemental record containing a corrected certification of defendant's right to appeal, signed by the trial court. *See* TEX. R. APP. P. 25.2(f), 37.1, 44.4(b); *Dears*, 154 S.W.3d at 615. The trial court conducted a hearing at which both Gonzalez and her attorney were present. The reporter's record from the hearing and the trial court's written findings have been filed in this court.

During the hearing, the trial court asked Gonzalez if she wished to appeal her sentence. Gonzalez replied that she does not wish to proceed with this appeal. Gonzalez confirmed that she

made this decision after spending an ample amount of time conferring with her attorney. In its written findings, the trial court found that Gonzalez does not wish to appeal.

Although counsel has filed a motion to withdraw as attorney of record in the trial court, he has not filed a motion to dismiss this appeal. Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that at any time before the appellate court's decision, the appellate court may dismiss a criminal appeal if the appellant and his attorney sign and file a motion to dismiss. *See* TEX. R. APP. P. 42.2(a). Rule 42.2(a) does not allow voluntary dismissal of a criminal appeal in the absence of such a motion. *See id*. Nevertheless, when an appellate court concludes good cause exists, it may suspend the requirements of Rule 42.2(a). *See* TEX. R. APP. P. 2 (providing appellate courts may, to expedite a decision or for other good cause, suspend a rule's operation in a particular case and order a different procedure).

In this case, we conclude good cause exists to suspend the Rule 42.2(a) requirement that Gonzalez and her counsel file a motion to dismiss in order to effectuate the voluntary dismissal of her appeal. *See id*. R. 42.2(a), R. 2. Based upon Gonzalez's representations to the trial court and the trial court's written findings, this appeal is dismissed. *See Conners v. State*, 966 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (dismissing appeal at appellant's request per her testimony at trial court's hearing, despite absence of a Rule 42.2(a) motion).

PER CURIAM

DO NOT PUBLISH