**Opinion issued January 6, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00554-CR

———————————

**CHRISTOPHER HOLLAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case No. 96101-CR**

---

On May 8, 2024, appellant Christopher Holland was convicted by a jury of Aggravated Assault Causing Serious Bodily Injury and sentenced to 50 years' confinement in the Texas Department of Criminal Justice (TDCJ) – Institutional Division. Appellant's appointed trial counsel Kenneth Nash filed a notice of appeal on July 22, 2024.

Appellant's retained attorney Chris Self filed appellant's brief on February 11, 2025, and on February 26, 2025, the State filed appellee's brief. On June 24, 2025, Chris Self filed a Motion to Substitute Counsel, requesting to withdraw and stating that attorney Brad Haggard will represent appellant. We granted the motion to substitute and abated for the trial court to determine whether appellant wants to pursue his appeal and, if so, whether he retained Brad Haggard or is indigent and wants appointed counsel. *See* TEX. R. APP. P. 6.5.

The trial court held the abatement hearing on August 8, 2025, which appellant attended by video conference. On August 14, 2025, the trial court issued findings of fact and conclusions of law. The trial court concluded, among other things, that appellant "has not agreed to retain attorney Brad Haggard" and "does not want to prosecute his appeal."

The voluntary dismissal of a criminal appeal is governed by Texas Rule of Appellate Procedure 42.2, which requires a motion to dismiss, signed by an appellant and his attorney, to be filed with the appellate court. TEX. R. APP. P. 42.2(a). But on our own initiative, if we find good cause exists, we may suspend the requirements of Rule 42.2 in a particular case to order a different procedure. *See* TEX. R. APP. P. 2 (providing appellate courts may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure).

2

Although no written motion has been filed in compliance with Rule 42.2(a), based on the record presented to this Court, and the finding of the trial court from the abatement hearing, we conclude that good cause exists to suspend the operation of Rule 42.2 in this appeal. *See* TEX. R. APP. P. 2, 42; *Conners v. State*, 966 S.W.2d 108, 110–11 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (using Rule 2 to suspend operation of Rule 42.2 to dismiss appeal); *see also Hawthorne v. State*, No. 01-24-00887-CR, 2025 WL 1225115, at *1 (Tex. App.—Houston [1st Dist.] Apr. 29, 2025, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2(a) and dismissing appeal based on appellant's statement at abatement hearing that he did not wish to pursue appeal and trial court's findings of fact that appellant expressed desire not to proceed with his appeal); *Boiser v. State*, No. 01-19-00911-CR, 2021 WL 3669627, at *2 (Tex. App.—Houston [1st Dist.] Aug. 19, 2021, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2(a) and dismissing appeal based on record and trial court finding abandonment of appeal); *Truong v. State*, No. 01-17-00343-CR, 2018 WL 1630177, at *1 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, no pet.) (mem. op., not designated for publication) (suspending operation of Rule 42.2 and construing abatement record as appellant's motion to dismiss appeal). We have not issued a decision in the appeal. *See* TEX. R. APP. P. 42.2(b).

Accordingly, based on the record before us, we reinstate and dismiss the appeal. *See* TEX. R. APP. P. 43.2(b). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).